of the county judge to grant a certificate as authorized by section 57 of the Code of Criminal Procedure.

I am of opinion that the order should be reversed, and the certificate granted. All concur.

---

(121 App. Div. 901)

### PEOPLE v. ECKETT.

(Supreme Court, Appellate Division, Second Department.   July 23, 1907.)

Appeal from Special Term, Richmond County.

William F. Eckett was charged with a misdemeanor, and from an order denying his application for a certificate that it was reasonable that the charge against him should be prosecuted by indictment, he appeals. Order reversed, and certificate granted.

Argued before JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Cravath, Henderson & De Gersdorff, for appellant.
John J. Kenney, for the People.

PER CURIAM. Order reversed, and certificate granted. See decision in People v. Butts (decided herewith) 105 N. Y. Supp. 677.

---

(121 App. Div. 901)

### PEOPLE v. COOK.

(Supreme Court, Appellate Division, Second Department.   July 23, 1907.)

Appeal from Special Term, Kings County.

Adam Cook was charged with a misdemeanor, and from an order denying his application for a certificate that it was reasonable that the charge against him should be prosecuted by indictment he appeals. Order reversed, and certificate granted.

Argued before JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Cravath, Henderson & De Gersdorff, for appellant.
John J. Kenney, for the People.

PER CURIAM. Order reversed, and certificate granted. See decision in People v. Butts (decided herewith) 105 N. Y. Supp. 677.

---

(54 Misc. Rep. 94)

### LONDON & RIVER PLATE BANK v. CARR.

(Supreme Court, Special Term, New York County.   April, 1907.)

1. BILLS AND NOTES—PROTEST—CERTIFICATE AS EVIDENCE THEREOF.

 A certificate of the protest of a foreign bill of exchange is not proof, in itself, of the drawee's refusal to accept or pay the bill, unless properly authenticated by the seal of the officer before whom the protest was made.

 [Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, § 1127.]

2. Same.

Where certificates of protest of bills of exchange drawn on residents of Brazil, the law of which country provides that "bills of exchange must be protested before the proper protest officer, if there be such," were not authenticated under seal, and it did not appear whether there was any "proper protest officer," nor whether the officer before whom protest was made had a seal, or was required to use a seal in taking protests, the authority of the officer before whom protest was made was not sufficiently shown to permit the certificates to be received as evidence of the drawee's refusal to accept or pay the bills.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, § 1127.]

Action by the London & River Plate Bank against George Whitman Carr. Motion to set aside a verdict for plaintiff and for a new trial. Motion granted.

William S. Gordon, for plaintiff.

Edward A. Alexander, for defendant.

BLANCHARD, J. This is a motion to set aside the verdict and for a new trial. Action was brought by the plaintiff, who is the holder of three bills of exchange, against the defendant, who drew the bills. The bills were drawn upon parties residing in Brazil. Certificates of protest which accompany the bills purport to show that the bills were protested in Brazil; but the officer before whom protest was made has in each case not affixed his seal to the protest. The certificates of protest describe the officer before whom the protests were made as "deputy, etc., of the city of Maceio, according to law," etc. The law of Brazil, which has been put in evidence, provides that:

"Bills of exchange must be protested before the proper protest officer, if there be such, and, in case there should be none, before any notary public of the place, or before a sworn scrivener in default of such notary public or in case of inability of such notary public."

It does not appear whether or not there was in fact no "proper protest officer," nor whether, according to the law of Brazil, the officer before whom protest was made had a seal, or was required to use a seal in taking protests. According to the weight of authority a notarial seal renders a certificate of protest evidence in foreign countries, and in the absence of such a seal extraneous evidence must be given of the authority of the officer to take the protest. In Bank of Rochester v. Gray, 2 Hill, 227, the court stated the rule as follows:

"And it would be going too far to say, contrary to what is believed to be the universal practice, that a protest, purporting to have been made by a notary, should be received as evidence, per se, without a seal. In Rex v. Scriveners Co., 10 Barn. & C. 518, Lord Tenterden said: 'Many documents pass before notaries, under their notarial seal, which gives effect to them, and renders them evidence in foreign courts.' In Las Caygas v. Larionda's Syndics, 4 Mart. (La.) 283, 285, Mathews, J., said: 'In case of protested bills of exchange, the certificate of a notary public, authenticated by his seal of office, is received in the courts of the United States as full proof of the drawee's refusal to accept or pay the bill.' Vide 3 Kent's Com. (4th Ed.) 93, note 'b.' I am not aware of any case wherein the protest has been received as, in itself, such full proof without being authenticated by seal. It may be proof, perhaps, where the act first appears to have been done under a local law by an officer who has no official seal. Caune v. Sagory, 4 Mart. (La.) 81. But we are asked to sanction

its reception as absolute proof, without anything appearing to excuse the want of such a formality. This we think cannot be done."

Also see 2 Daniel, Neg. Inst. (3d Ed.) § 946; Abbott, Tr. Ev. (2d Ed.) c. 21, § 75.

Satisfactory evidence of the authority of the officer before whom the protests were made in the present case is lacking in the important essentials hereinbefore indicated.

It follows that, no protests having been proved, the liability of the defendant is not established, and accordingly the verdict for the plaintiff is set aside, and a new trial ordered.